Filed 11/22/22 P. v. Patzke CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C095166 |
| Plaintiff and Respondent, | (Super. Ct. No. CR038496) |
| v. | |
| JAMES ALLEN PATZKE, | |
| Defendant and Appellant. | |

A jury found defendant James Allen Patzke guilty of assault on a peace officer, fleeing a pursuing peace officer's motor vehicle and driving against traffic, and driving a vehicle without the owner's consent. The trial court sentenced defendant to an aggregate term of six years four months in state prison, consisting of the upper term of five years for the assault count and one-third of the middle term for each of the remaining counts.

1

On appeal, defendant contends the recent amendments to Penal Code section 1170, subdivision (b)[1] made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), apply retroactively to his case, and remand is required for the trial court to impose sentence consistent with the changes. (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)

The Attorney General agrees that remand for resentencing is required, as do we. We shall remand for resentencing in accordance with the current law and otherwise affirm the judgment.

## BACKGROUND

The facts underlying defendant's offense are immaterial to our disposition. It suffices to say defendant fled police pursuit by driving a stolen vehicle at high speeds and in an otherwise dangerous manner. During the pursuit, defendant almost collided with one of the police cars. The pursuit ended when defendant crashed the vehicle.

A jury found defendant guilty of assault on a peace officer (§ 245, subd. (c)), fleeing a pursuing peace officer's motor vehicle and driving against traffic (Veh. Code, § 2800.4), and driving a vehicle without consent (Veh. Code, § 10851).

At sentencing, the trial court noted (as documented in the probation report) that defendant had multiple adult criminal convictions and four documented probation violations, and had served a prior prison term. When the instant offense was committed, defendant was on parole with a pending violation. The court found defendant's crime "involve[d] a threat of bodily harm" and observed defendant "didn't seem to show any remorse for" stealing the vehicle and ultimately crashed it during the pursuit. The court found no mitigating circumstances and selected the upper term of five years for assault on

---

[1] Further undesignated statutory references are to the Penal Code.

a peace officer, and one-third the middle term each for fleeing pursuit and for driving a stolen vehicle.

Defendant timely appealed. The case was fully briefed on September 30, 2022, and assigned to this panel shortly thereafter. The parties waived argument and the case was deemed submitted on November 18, 2022.

## DISCUSSION

On appeal, defendant contends the amendments to section 1170, subdivision (b), implemented after his sentencing, apply retroactively to his case. He argues the remand for resentencing is required. The Attorney General agrees on both points. We shall remand.

At the time defendant was sentenced, section 1170 provided that when a judgment of imprisonment is to be imposed and the statute authorizes three potential terms, "the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, former subd. (b).)

While this appeal was pending, effective January 1, 2022, Senate Bill No. 567 amended section 1170, limiting the trial court's discretion to impose a sentence greater than the middle term. (§ 1170, subd. (b)(1).) Under the amended section 1170, the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) But the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

We agree with the parties that Senate Bill No. 567 applies retroactively to this case. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902; *In re Estrada* (1965) 63 Cal.2d 740, 744.) We also agree with both parties that none of the factors relied upon by the trial court were proven as now required by section 1170. Thus, the trial court's reliance

3

on those factors, while proper at the time of defendant's sentencing, is no longer adequate under the applicable statute.

Nor, as the Attorney General concedes, can we say definitively that the error was harmless, where, as here, *none* of the factors cited by the trial court were proven as now required. (See *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1110.)

Consequently, we vacate the sentence and remand for the trial court to conduct a full resentencing in a manner consistent with amended section 1170, subdivision (b). (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) We express no opinion as to the ultimate sentence, but note that because defendant's conviction is not yet final, the trial court should consider any additional changes to the sentencing laws that may apply to defendant's benefit.

### DISPOSITION

The sentence is vacated and the matter is remanded for a full resentencing. The judgment is otherwise affirmed.

/s/
Duarte, J.

We concur:

/s/
Robie, Acting P.J.

/s/
Hull, J.